**ORIGINAL**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
JASON SWART and JUSTIN FOLEY,

              Plaintiffs,

-against-

TOWN OF YORKTOWN, N.Y.,

              Defendant.
-----------------------------------------------------------x

Docket No:

**COMPLAINT**

**JUDGE BRICCETTI**

**Jury Trial Demanded**

13 CV 0098

    Plaintiffs JASON SWART and JUSTIN FOLEY, by their attorney Jonathan Lovett, for their complaint respectfully allege:

### NATURE OF THE ACTION

1. This is an action to recover unpaid overtime compensation and related relief pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§201-219 (hereinafter the "FLSA" and/or the "Act").

### JURISDICTION

2. The Court's jurisdiction is invoked pursuant to §216(b) of the Act and 28 U.S.C §§1331, 1337. Pursuant to 28 U.S.C. §§2201, 2202 the Court is empowered to issue a declaratory judgment.

### VENUE

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b).

1

## THE PARTIES

4. Plaintiffs JASON SWART and JUSTIN FOLEY at all times relevant to this complaint were employees of the Defendant TOWN OF YORKTOWN, New York, and as such both were Canine Officers in the Town's Police Department having commenced that assignment in excess of four years prior to the filing of this action.

5. In accordance with §216(b) of the Act the Plaintiffs have executed and hereby file with the Court their original consents in writing to become party plaintiffs in this action. The consents are annexed to this complaint and are incorporated herein.

6. Plaintiffs at all times relevant to this complaint were employed in an enterprise engaged in commerce and/or the production of goods for commerce as defined by §203(s) of the Act.

7. As such at all times relevant to this complaint the Plaintiffs were entitled to the rights, benefits, and protection as provided by the Act.

8. Defendant TOWN OF YORKTOWN, New York (hereinafter "Town"), is an employer as defined by §203(d) of the Act and a "public agency" in accordance with §203(r) of the Act.

9. The Town is an enterprise as defined by §203(r) of the Act.

10. The Town is a municipal corporation duly existing by reason of and pursuant to the laws of the State of New York.

## AS AND FOR A CLAIM

11. Plaintiffs as employees covered by the Act at all times relevant to this complaint were entitled to overtime compensation at the rate of one and one-half times

their regular rate of pay for all hours worked in excess of forty hours per week, except as otherwise provided for in §207 of the Act.

12. Section 207(a)(1) of the Act provides in pertinent respect:

"...[N]o employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

13. Plaintiffs, during the applicable statutory maximum time period, worked in excess of the statutory maximum number of hours as provided for in §207(a)(1) of the Act without receiving compensation for such excess hours at a rate of one and one-half times the regular rate at which the Plaintiffs were employed.

14. The excess unpaid overtime hours due to Plaintiffs as Canine Officers include compensable time spent caring for, exercising, training, maintaining, and *inter alia* cleaning up after their police dogs in said time period.

15. Defendant's failure to compensate Plaintiffs at one and one-half times their regular rate for all overtime hours violated §207 of the Act and is redressable by Plaintiffs as affected employees under §216(b) of the Act.

16. The Town is therefore liable to Plaintiffs in the amount of Plaintiffs' unpaid overtime compensation, an additional equal amount as liquidated damages, reasonable attorney's fees, and the costs/disbursements of this action.

17. At all times relevant within the three year period prior to the filing of this complaint, the Town has been aware of the provisions of the FLSA requiring payment of overtime compensation to Plaintiffs, including the mandate of the Act to require payment of overtime spent caring for, maintaining, training, exercising, and cleaning up after Plaintiffs' police dogs. Notwithstanding this knowledge, the Town intentionally did not comply with the overtime payment requirements of the Act with regard to Plaintiffs.

18. As such Plaintiffs are entitled to the unpaid overtime compensation and liquidated damages owed to them on this claim for the three year period immediately preceding commencement of this action.

19. The employment and work records for the Plaintiffs are in the exclusive possession, custody and/or control of the Town and for that reason Plaintiffs are presently unable to precisely state the exact amounts owning to them pursuant to the Act. The Town at all times relevant to this complaint been under a duty imposed by §211(c) of the Act and regulations of the United States Department of Labor to make, keep, and preserve payroll and other employment records with respect to Plaintiffs from which some of the amounts of the Town's liability can be determined.

WHEREFORE Plaintiffs respectfully request a judgment and order: i) declaring that the Town violated Plaintiffs' rights under the Act with regard to their claim; ii) awarding to Plaintiffs monetary damages in the form of back pay compensation, liquidated damages equal to their unpaid compensation, appropriate interest; iii) awarding

to Plaintiffs reasonable attorney's fees; iv) awarding to Plaintiffs costs and disbursements of this action; and v) granting such other and further relief as to the Court seems just and proper.

Dated: White Plains, N.Y.
       December 29, 2012

                                            Jonathan Lovett
                                            Attorney for Plaintiffs
                                            305 Old Tarrytown Road
                                            White Plains, N.Y. 10603
                                            914-686-4500
                                            Fax: 914-686-4545
                                            E-mail: jlovett@lovett-law.com

## CONSENT TO BECOME PARTY PLAINTIFFS IN FLSA ACTION FILED PURSUANT TO 29 U.S.C. §216(b)

Pursuant to 29 U.S.C., the undersigned employees of the Town hereby give consent to become party plaintiffs in this action seeking overtime pay and related relief pursuant to the Fair Labor Standards Act in accordance with a confidential retainer agreement executed by the undersigned for such purpose.

Dated: 1/1/2013

_____
Jason Swart

Dated: 1/1/13

_____
Justin Foley